NATHANIEL P. BANKS *versus* JACOB FARWELL *et al.*

Under a warrant in the usual form, on a complaint for larceny, the officer is authorized to break and enter the shop of the person accused, and seize the chattel alleged to have been stolen.

TRESPASS for breaking and entering the plaintiff's carpen ter's shop, and taking away a pump-nose.

On the trial in the Court of Common Pleas, before *Williams* J., the plaintiff proved the material facts alleged in his declaration.

The defendants proved, that at the time of the alleged trespass, the defendant Plymton was a constable of the tcwn of Waltham.

They also offered to read in evidence, bv way of justifica

tion, a complaint made on the 13th of April, 1836, by the defendant Farwell against the plaintiff, for feloniously stealing a pump-nose ; a warrant, in the usual form, issued on the complaint, by a justice of the peace ; the service of the warrant, by Plymton, with the aid of Farwell, who acted by Plymton's directions ; and the record of the judgment of the justice, on the complaint.

The warrant contained no directions to the officer to search the shop or any other building or place of the plaintiff, for the pump-nose alleged to have been stolen, but the defendants offered to prove that the plaintiff, after his arrest on the warrant, said that the pump-nose was in his shop, but that he, at the same time, forbad their entering the shop or seizing the pump-nose ; that the justice thereupon verbally advised the defendants, that they were authorized by law to enter the shop and search for and seize the pump-nose ; which they accordingly did, and made return thereof on the warrant.

The judge, being of opinion that the facts above stated did not constitute a justification of the alleged trespass, so instructed the jury ; who found a verdict for the plaintiff.

To the foregoing opinion the defendants excepted.

*Farley* and *Arad Moore*, for the defendants, cited *St.* 1804, *c.* 143, § 15 ; Revised Stat. *c.* 126, § 25 ; *Platt* v. *Brown*, 16 Pick. 556 ; 2 Dane's Abr. 652.

*G. T. Bigelow*, for the plaintiff.

MORTON J. delivered the opinion of the Court. The defendants justify under a warrant against the plaintiff, in which he is charged, in the usual form, with the larceny of the property mentioned in his declaration. What was the extent of the authority conferred by this warrant ? Did it authorize the defendants to break and enter the plaintiff's shop and seize the chattels alleged to be stolen ? ·

The statute of 1804, *c.* 143, § 15, makes it the duty of the " officer who shall be lawfully employed in apprehending and arresting any person accused of the crime of larceny, to seize and secure the money, goods or other articles alleged to be stolen which shall be found in the *possession* of such accused person, or which shall be *waived* by him in flying from justice." It is argued for the plaintiff, that this clause limits the authority

*Jan. 28th, 1839, at Boston.*

*Jan. 30th*

of the officer to property found on the person of the accused. This certainly is not the common acceptation of the term, "*possession*," either in legal language or common parlance. If the plaintiff, in any action brought by him, had alleged that the property was in his possession, proof that it was in a house, shop or other building occupied by him, would support the allegation. There are many kinds of property which are incapable of strict *personal* possession. And we can see no difference, in principle, between taking a stolen watch from the pocket of a thief, and a horse from his stable or any other chattels from his house or shop. The latter, assuredly, is no greater infringement of personal rights than the former. The subsequent clause of the statute, authorizing the seizure of goods which have been *waived*, does not favor the plaintiff's construction. It extends the authority of the officer to seize goods which are not in the possession, either actual or constructive, of the accused, but which he has entirely cast from him and over which he has disclaimed all control or dominion. In the Revised Statutes, *c.* 126, § 25, which is a revision of the section under consideration, the officer arresting a person accused of larceny, is directed " to secure the property alleged to be stolen," without any limitation or restriction. And under this statute, it is liable to seizure wherever it may be found, whether in the possession of the accused or elsewhere.

But it is contended by the plaintiff's counsel, that if this be the true construction of the statute, it is unconstitutional, being inconsistent with the fourth article of the amendments of the constitution of the United States and the fourteenth article of the bill of rights in our own constitution. The former provides, that " the right of the people to be secure, in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." The latter uses nearly the same language and is of the same import. " Every subject has a right to be secure from all unreasonable searches and seizures of his person, his houses, his papers and all his possessions." Personal rights are deemed sacred and inviolable ; and these provisions are intended to shield them from the effects of arbitrary power and to secure to them the protection of equal and uniform laws. They spread their ægi

over *all*; but it is for a shield against oppression, and not an exemption from the just operation of criminal laws. The protection is not against arrests for *crime*, nor does the security cover *stolen property*. It only guards against "*unreasonable searches and seizures.*" What is meant by "unreasonable searches and seizures," is clearly explained by the subsequent words in both constitutions. A warrant, founded upon oath, duly describing the person to be arrested, the place to be searched, or the property to be seized, and issued with the formalities and in cases prescribed by law, is in exact conformity with both constitutional provisions. And any seizure of person or property made in pursuance of such warrant, would manifestly be legal and valid.

We apprehend that the distinction between *search warrants* and warrants for the arrest of persons accused of specific crimes, has not been sufficiently attended to; and that the doubts and difficulties which have arisen, have to some extent, at least, sprung from this source. This was not a *search warrant* and no searches were made under it. Had the defendants attempted to break into the plaintiff's house or shop for the purpose of searching for stolen property, they would have gone aside from their authority and would have acted at their peril. But such was not the case.

The warrant, under which the defendants acted, must be presumed to have issued "upon probable cause," was "supported by oath," and sufficiently described the person accused and the property stolen. The plaintiff was regularly charged with the larceny of a chattel which was particularly described in the warrant. The defendants were directed, by their precept, to arrest the plaintiff, and the law required them to seize the property alleged to be stolen, if they found it in his *possession*, or by him *waived*. It was ascertained to be in the plaintiff's shop; was identified; the plaintiff, having the key, refused to open the shop or allow them to enter it. The property was in the plaintiff's possession. It would be imputing to the law a disgraceful degree of imbecility, to hold that it would not authorize the seizure of this property. We are of opinion that the defendants not only had a right, but it was their duty, to take the property, opening the shop if necessary

<div style="margin-left:margin">Banks<br>v.<br>Farwell.</div>

for the purpose, and to hold and dispose of it according to the directions of the fifteenth section of the statute above cited and commented upon.

*Judgment of Common Pleas reversed and new trial ordered at the bar of that court.*